UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

CAROLINA DAILEY,

    *Plaintiff*,

v.                                                                       Case No. SA-19-CV-1429-JKP

ANDREW SAUL, Commissioner of
Social Security,

    *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Magistrate Judge Elizabeth Chestney's Report and Recommendation addressing Plaintiff Carolina Dailey's appeal of the administrative denial of her application for Disability Insurance Benefits under Title II of the Social Security Act ("SSA"). *ECF No. 17*. Dailey filed timely objections thereto. *ECF No. 19*. Magistrate Judge Chestney recommends this Court affirm the Commissioner's decision. For the following reasons, the Court **OVERRULES** Dailey's objections, **ACCEPTS and ADOPTS** Magistrate Judge Chestney's Report and Recommendation and **AFFIRMS** the Commissioner's denial of Disability Insurance Benefits (DIB).

### Legal Standard

When a party objects to a Report and Recommendation this Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). In conducting a *de novo* review, the Court will examine the record pertinent to the objections and must conduct its own analysis of the applicable facts and make an

1

independent assessment of the law. This Court is not required to give any deference to the magistrate judge's findings and conclusions. *See United States v. Raddatz*, 447 U.S. 667, 689 (1980)(Stewart, J., dissenting)("The phrase '*de novo* determination' has an accepted meaning in the law. It means an independent determination of a controversy that accords no deference to any prior resolution of the same controversy."); *Johnson v. Sw. Research Inst.*, 210 F. Supp.3d 863, 864 (W.D. Tex. 2016).

The Court will not conduct a *de novo* review pertaining to any objections that are frivolous, conclusive or general in nature. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). The Court will review those portions of the report that are not objected to for determination whether the findings or conclusions are clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

## Review of Commissioner's Determination

The District Court's review of the Commissioner of Social Security's denial of a request for disability benefits is limited to whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Newton*, 209 F.3d at 452 (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). In this analysis whether substantial evidence supports the Commissioner's determination, the Court will weigh four elements of proof: (1) the objective medical facts; (2) the diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education,

and work experience. *Martinez v. Chater*, 64 F.3d 172, 173-74 (5th Cir. 1995). A finding of no substantial evidence is warranted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (internal quotations and citation omitted); *see also Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is the role of the Commissioner, not the courts, to resolve conflicts in the evidence. *Newton*, 209 F.3d at 452; *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). As a result, the reviewing court "cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). While substantial deference is afforded the Commissioner's factual findings, the Commissioner's legal conclusions, and claims of procedural error, are reviewed *de novo*. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

## DISCUSSION

### Factual Background

Dailey did not object to the factual background recited in the Report and Recommendation. Therefore, the Court adopts Magistrate Judge Chestney's recitation of the relevant facts. Nevertheless, the Court will provide a brief overview of the case.

Dailey filed for disability insurance benefits on September 18, 2017. At the time of her application, Dailey was 60 years old and held past relevant work as an interpreter. The medical conditions upon which Dailey based her application were thyroid disorder, trauma, anxiety, high cholesterol, sleep disorder, back problems, and carpal tunnel syndrome. After denial of Dailey's application for disability benefits, she proceeded through the administrative process and received a hearing before an Administrative Law Judge (ALJ) on December 18, 2018.

The ALJ found Dailey met the insured status requirements of the SSA and applied the five-step sequential analysis required by SSA regulations. Proceeding to Step Two, the ALJ found Dailey to have severe impairments of degenerative disc disease and degenerative joint disease. Even though it was not listed as a medical condition supporting benefits on her application, the ALJ received evidence on Dailey's condition of depression and found it was not a severe impairment. At Step Three, the ALJ found the impairments did not meet the severity of one of the listed impairments in the applicable Social Security regulations to render Dailey presumptively disabled. At Step Four, the ALJ determined Dailey had past relevant work as an interpreter. In comparing her residual functional capacity (RFC) with the physical and mental demands of this work, the ALJ found Dailey was able to perform this past relevant work. Accordingly, the ALJ determined Dailey was not disabled for purposes of the SSA, and therefore not entitled to receive the requested disability insurance benefits. It is undisputed Dailey exhausted her administrative remedies.

Dailey filed this appeal raising the following issues: (1) at Step Two, the ALJ erred in finding her depression to be not severe because he failed to use the correct legal standard to make this determination; and (2) before Step Four, the ALJ erred by failing to account for Plaintiff's mental functional limitations in his RFC finding. Magistrate Judge Chestney conducted a thorough review of Dailey's asserted issues and concluded the ALJ applied the correct legal standard at Step Two to find Dailey's depression to be a non-severe impairment and adequately accounted for Dailey's mental functional limitations in the RFC finding. Consequently, Magistrate Judge Chestney concluded the ALJ did not commit reversible error and recommends this Court affirm the Commissioner's denial of disability benefits.

**Objections and Analysis**

**(1) Objection One: Legal Standard Utilized by ALJ to Determine Severity of Impairment of Depression**

   a. **Correct Legal Standard**

In conducting her analysis and forming her conclusions on Dailey's first appellate issue, Magistrate Judge Chestney thoroughly discussed the pertinent SSA regulation, SSR 85-28, the legal standard for determination of severity as set forth in the seminal case, *Stone v. Heckler,* 752 F.2d 1099, 1101 (1985), and the recent interpretation of *Stone* in *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021). Using these cases and underlying regulations as a guide, Magistrate Judge Chestney concluded the ALJ applied the correct legal standard at Step Two in finding Dailey's depression was not a severe impairment

Dailey objects to the Report and Recommendation by asserting the ALJ applied an incorrect legal standard for determination of severity of an impairment at the second step, and therefore, Magistrate Judge Chestney applied the incorrect legal standard by recommending this Court affirm the ALJ's decision. Acknowledging the Fifth Circuit's recent decision in *Keel v. Saul*, Dailey asserts *Keel* is distinguishable and its holding inapplicable to this case. Dailey correctly asserts the ALJ in *Keel* recited the entirety of the language of SSR 85-28, which provides an impairment is not severe when medical evidence establishes only a slight abnormality which has no more than a minimal effect on an individual's ability to work. The ALJ concluded the subject impairment was not severe because it had *minimal effects on the applicant's ability to work*. Dailey contends *Keel's* analysis and holding is not applicable to this case, because the ALJ stated an impairment was severe only if it "significantly limit[ed] the ability to perform basic work activities as required by SSR 85-28." Unlike *Keel*, the ALJ in this

case concluded Dailey's mental impairment was not severe because it *did not significantly limit the ability to perform work. See ECF No. 8-2, pp. 8, 15-17.*

The SSA provides an impairment is not severe if the claimant does "not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). In *Stone*, the Fifth Circuit construed this regulation to establish a threshold for severe impairment, holding: "An impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Stone,* 752 F.2d at 1101. In the event an ALJ does not use the precise language stated in the regulation or cite to *Stone*, the Fifth Circuit excused this omission in *Keel*, reiterating, "'[a] case will not be remanded simply because the ALJ did not use 'magic words [and] [r]emand is only appropriate "where there is no indication the ALJ applied the correct standard." *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021)(quoting *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986)).

Review of the record and the ALJ's decision reveals the ALJ quoted and cited the correct regulation, SSR 85-28 for determination whether Dailey's mental impairment of depression is severe. Following the language of SSA Regulation SSR 85-28, the ALJ properly assessed the evidence pertaining to Dailey's depression and determined this impairment is not severe. Although the ALJ did not directly cite *Stone*, he did properly state the guiding principle to make this determination. The ALJ properly interpreted the language of this regulation as it was interpreted in *Stone*. By providing this supporting language and citation, there is sufficient indication the ALJ applied the correct legal standard to avoid remand. *See Keel*, 986 F.3d at 556.

This Court conducted a *de novo* review of the record. Magistrate Judge Chestney clearly and thoughtfully analyzed *Stone* and the recent interpretation in *Keel* in light of Dailey's appellate issue. *See ECF No. 17, pp. 7-9.* Magistrate Judge Chestney outlined the correct legal standard for determination whether an impairment is severe, stating the pertinent SSA regulation and the Fifth Circuit's seminal guiding cases *Stone* and *Keel*. *Id.* Magistrate Judge Chestney correctly applied these guiding legal principles in reaching the conclusion the ALJ used the correct legal standard in assessing whether Dailey's depression is a severe impairment. *Id.*

Because "remand is required only where there is no indication that the ALJ applied the correct standard,'" Dailey's first appellate issue must fail. *Id*. Consequently, the Court overrules Dailey's first objection to the Report and Recommendation.

b. **Harmless Error Analysis**

By concluding the ALJ applied the correct legal standard in his determination that Dailey's depression does not qualify as a severe impairment, scrutiny of the ALJ's decision with regard to Dailey's asserted appellate issue should conclude there. In the interest of caution, Magistrate Judge Chestney continued with a harmless error analysis and concluded even if the ALJ did apply an incorrect legal standard, this error was harmless given substantial evidence supported the decision. Thus, even if the ALJ had applied an incorrect legal standard to determine whether Dailey's impairment of depression was "severe", reversal is not required.

Although unnecessary, this Court examined the record pertinent to Dailey's objections asserted pertaining to the harmless error analysis and conducted its own analysis of the applicable facts. This Court made an independent assessment of the law pertinent to this discussion. The Court concludes this harmless error analysis to be accurate. Consequently, to the

extent Dailey objects to the harmless error analysis, these objections are without merit and are overruled.

**(2) Failure to Account for Mental Functional Limitations in RFC Finding**

Dailey contends the ALJ erred by failing to consider her mental limitations in his Residual-Functional-Capacity determination. Consequently, for the same reason, Magistrate Judge Chestney erred by recommending this Court affirm the ALJ's decision. Specifically, Dailey contends "the ALJ found [she] had mental limitations, then ignored these limitations in determining her RFC. For this reason alone, the ALJ's decision cannot be affirmed." In light of Dailey's appellate issue and her objection to the Report and Recommendation, the Court conducted a *de novo* review of the transcript, the ALJ's decision, the record in this case and the applicable law.

In her appeal of the ALJ's determination, Dailey contends successful performance of her previous job of an interpreter inherently requires the unimpaired skills of concentrating, persisting or maintaining pace. Because even a mild impairment in her ability to concentrate, persist or maintain pace necessarily prevents Dailey from being a translator, the ALJ could not logically or correctly reach the conclusion Dailey held a residual functional capacity to perform this job. Consequently, the ALJ could not have considered her mental impairments in his conclusion that she held a residual functional capacity to perform her work as a translator.[1]

When assessing a claimant's impairment that involves mental capacity at Step Three, an ALJ must conduct a Psychiatric Evaluation Report ("PRT") to rate the degree of functional

---

[1] In her objection to Magistrate Judge Chestney's Report and Recommendation, Dailey asserts new challenges to the ALJ's PRT assessment of her depression impairment and new challenges to the ALJ's assessment at Step Three and at Step Four other than those asserted in her original appellate issues. This Court will not consider any challenges or issues asserted for the first time in objections to the Report and Recommendation. *See Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 559 (5th Cir. 2018) (citing *Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994)).

limitations in four areas: the ability to understand, remember or apply information; interact with others; concentrate, persist, or maintain pace; and manage oneself. 20 C.F.R. § 416.920a(c)(3). Here, the ALJ conducted a PRT with regard to Dailey's asserted impairment of depression. The ALJ made specific findings and outlined his reasoning for finding Dailey's limitation in concentrating, persisting or maintaining pace to be "mild." Dailey did not oppose or assert any appellate issue challenging the accuracy of these findings or conclusions. Therefore, this Court will not conduct any review of any intended or perceived challenge to this conclusion.

When making an RFC determination, the ALJ considers the medical opinions in the claimant's record and the relevant evidence received, and then weighs the credibility of the evidence accordingly. 20 C.F.R. §§ 404.1520(b), 404.1527(b). Opinions from treating physicians are generally entitled to significant weight, but the opinions from examining physicians must also be considered. *See Kneeland v. Berryhill*, 850 F.3d 749, 760 (5th Cir. 2017). When assessing the RFC, an ALJ must consider all medically determinable impairments, including those determined to be not severe. *See* 20 C.F.R. § 404.1545(a)(2).

Dailey provides no citation to personal, professional or medical testimony or evidence pertaining to the issue whether the job of interpreter requires unimpaired skills of ability to concentrate, persist or maintain pace necessarily, and even a mild impairment prevents such work. The Court's review of the record did not reveal any supporting evidence relevant to this contention, nor any legal or regulatory support. Consequently, this Court's review must focus on determination whether the ALJ considered Dailey's mild mental impairment in making his RFC determination and whether the substantial evidence supported the ALJ's determination that Dailey was able to perform the work of interpreter in light of this mild mental impairment.

In his analysis, before proceeding to the fourth step, the ALJ determined Dailey retained the RFC to perform "light work except occasional balancing, stooping, kneeling, crouching, crawling, climbing stairs, and she is unable to climb … she requires an option to alternate sitting or standing positions at 30-minute intervals throughout the workday, and requires use of a cane for ambulation." *ECF No. 8-2, pp. 18-19.* The ALJ states he did consider Dailey's mental limitations in his RFC decision, specifically confirming he considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence…." *Id. at p. 18*. The ALJ then cited to the medical and other testimony upon which he relied to reach his decision. *Id. at pp. 18-27*.

With regard to this appellate issue, the ALJ reiterated Dailey's testimony pertaining to her depression and noted "she did not allege any specific mental limitations related to the alleged depression, during testimony." *Id. at p. 20.* In consideration of her mental impairment, the ALJ stated he found her depression to be "non-severe" in the PRT analysis and cited other objective medical testimony to support this conclusion. Specifically, the ALJ cited to "the Disability Determination Explanations (mental) of Mark Schade, Ph.D., dated December 21, 2017 and of Kevin Donovan, Ph.D., dated April 25, 2018, who both opined the claimant's alleged mental impairment is non-severe." *Id. at pp. 20,27*. The ALJ stated he found this testimony to be persuasive and supported by the evidence. *Id.*

Consequently, the ALJ assigned greater weight to Dr. Mark Schade's and Dr. Kevin Donovan's testimony and conclusions because they were more consistent with the record as a whole. This review of the record and of the ALJ's report reveals he did consider Dailey's mild mental impairments, but gave greater weight to other testimony and evidence in forming his final RFC determination.

Upon *de novo* review of the record, the Court concludes the ALJ's RFC determination is consistent with Dailey's own testimony and the physicians' assessments, and thus, is supported by substantial evidence. Therefore, this Court agrees with Magistrate Judge Chestney's conclusion the ALJ's analysis was proper and supported by substantial evidence.

## CONCLUSION

This Court conducted a *de novo* review of the record and applicable law pertinent to Dailey's objections to the Report and Recommendation. With regard to those portions of the Report and Recommendation to which Dailey did not object, the Court reviewed the record for clear error. Following this review of the record, this Court **ACCEPTS** and **ADOPTS** Magistrate Judge Chestney's Report and Recommendation in its entirety. This Court **AFFIRMS** the Commissioner's decision. The Clerk of Court shall **DISMISS** this case, and this case is now **CLOSED**.

The Court will issue an appropriate final judgment by separate filing.

It is so ORDERED.
SIGNED this 1st day of March, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE